1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Bahati Bey, | Case No. 2:25-cv-00189-MMD-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| State of Nevada, et al., | |
| Defendants. | |

On March 24, 2025, the Court ordered Plaintiff to either pay the filing fee or file a renewed application to proceed *in forma pauperis* (meaning without paying the filing fee). (ECF No. 5). The Court gave Plaintiff until April 23, 2025, to comply. The Court explained that "[f]ailure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed." (*Id.*). To date, Plaintiff has neither paid the filing fee nor filed an application to proceed *in forma pauperis*. Plaintiff has also not filed anything further on the docket.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with this Court's order and has not taken any action in this case since February 21, 2025, the Court recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with this Court's order or further participate in this lawsuit impedes

1    this goal.  The second factor weighs in favor of dismissal because the Court's need to manage its

2    docket is thwarted by Plaintiff's failure to comply with this Court's order or prosecute this action.

3    The third factor weighs in favor of dismissal because the longer this case is carried on, the more

4    witnesses' memories will fade and evidence may be lost.  The fourth factor weighs in favor of

5    Plaintiff, but does not outweigh the other factors.  Fifth, the Court has no less drastic sanctions

6    when Plaintiff has not complied with this Court's order.  Given Plaintiff's failure to comply with

7    this Court's order—an order for Plaintiff to pay the filing fee or apply to proceed without doing

8    so—monetary sanctions are not practical.  Nor are other non-monetary sanctions an option as

9    Plaintiff chooses not to follow Court orders.  The fifth factor weighs in favor of dismissal.  The

10   Court thus recommends dismissing Plaintiff's case without prejudice.  A dismissal without

11   prejudice allows Plaintiff to file a new case with the Court, under a new case number.

12        **IT IS THEREFORE RECOMMENDED** that this case be **dismissed without**

13   **prejudice.**

14                              **NOTICE**

15        Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

16   in writing and filed with the Clerk of the Court within fourteen (14) days after service of this

17   Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

18   been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474

19   U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that

20   (1) failure to file objections within the specified time and (2) failure to properly address and brief

21   the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

22   issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991);

23   *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v.*

24   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

25

26        DATED: August 25, 2025

27
                                                    _____
28                                                  DANIEL J. ALBREGTS
                                                    UNITED STATES MAGISTRATE JUDGE